UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) File No.: 2:08-CV-243 ) |
| BELHAR, LLC doing business as HILTON GARDEN INN, a Corporation, B & M BEST CONSULTING COMPANY, a Corporation, and MARIA ULAJ, | ) ) Hon. John D. Holschuh, District Judge ) Hon. Terence P. Kemp, Magistrate ) ) |
| Defendants. | ) |
| (Filed sub. nom., | ) ) |
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) File No.: 2:08-CV-243 ) |
| BELHAR, LLC doing business as HILTON GARDEN INN, a Corporation, B & M BEST CONSULTING COMPANY, a Corporation, and MARIA ULAJ, | ) ) Hon. John D. Holschuh, District Judge ) Hon. Terence P. Kemp, Magistrate ) ) |
| Defendants. | ) |

### AGREED JUDGMENT AS TO DEFENDANT MARIA ULAJ

Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor (plaintiff), having filed her complaint and defendant **MARIA ULAJ**, Individually (defendant), having been duly served with the summons and compliant, appearing by the undersigned counsel

and hereby admitting to the jurisdiction of this Court over her and over the subject matter of this action now agree to the entry of this judgment without contest;

**JUDGMENT IS HEREBY ENTERED** against defendant pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. § 201 *et seq.*), hereinafter called the Act, as follows:

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, that the defendant, her agents, servants, employees, assigns and all persons in active concert or participation with her be, and they hereby is, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a) Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of her employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

(b) Defendant shall not fail to make, keep and preserve records of her employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

(d) Defendant shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to defendant or to someone else for the defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in

2

the future to said employee under the provisions of this judgment or the Act; nor shall defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendant under the provisions of this judgment or the Act.

II

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the Act, in favor of the plaintiff and against the defendant as follows:

(a) Defendant shall pay to the plaintiff the sum of $47,782.40 which represents the overtime compensation hereby found to be due, for the period February 25, 2005 through February 25, 2007, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(b) Defendant shall further pay to plaintiff as liquidated damages the additional sum of $47,782.40 hereby found to be due, for the period February 25, 2005 through February 25, 2007, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

III

(a) The provisions of paragraphs II(a), (b) of this judgment shall be deemed satisfied when plaintiff receives a certified check or cashier's check in the gross amount of $95,564.80 made payable to the "United States Department of Labor, Wage-Hour Division" which shall be paid according to the agreement signed, entered and approved in the matter of *United States of America*

3

*v. Maria Terechina Ulaj,* Cause No. 2:10-cr-88 in the United States District Court, Southern District of Ohio, Eastern Division. The certified check or cashier's check in the gross amount of $95,564.80 made payable to the "United States Department of Labor, Wage-Hour Division" shall be paid no later than fifteen days after the date this judgment is signed by the Court. Defendant also shall submit with the check a schedule in duplicate showing the name, last known address and social security number for each employee named on the attached Exhibit A. The certified check or cashier's check shall be sent to the *Office of the Solicitor, United States Department of Labor, 881 Federal Office Building, 1240 East Ninth Street, Cleveland, Ohio 44199.*

(b)     Plaintiff's representative will distribute the back wage amounts referred to in paragraph II(a) herein, less applicable deductions for the employees' share of FICA, Medicare and federal withholding taxes or the proceeds thereof (defendant shall be responsible for the employer's share of FICA, Medicare and other required federal and state tax obligations and any other statutory or regulatory payment obligations not otherwise named herein) as well as the liquidated damage amounts referred to in paragraph II(b) herein, to the person(s) named in Exhibit A attached hereto and made part hereof, or to their estates if necessary, and any amounts of back wages or liquidated damages not so paid within a period of (3) years from the date of receipt thereof shall pursuant to Section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. If defendant fails to make the payment referenced hereinabove within fifteen days from the date of entry as required by this Court under this judgment, the amount shall be immediately due and owning and shall be subject to the assessment of such interest and costs as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register.

4

**FURTHER**, it is **ORDERED** that plaintiff shall recover from defendant post-judgment interest pursuant to 28 U.S.C. § 1961.

All of which is **ORDERED** this ___30___ day of ___November___, ___2011___.

_____
**JUDGE, UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION**

**[The balance of this page has been left blank. Signatures are on next page.]**

<table>
<tr><td>

The undersigned represents she is
the person named below and
consents to the entry of
this Agreed Judgment.


*[signature]*

MARIA ULAJ, an Individual



**APPROVED AS TO FORM:**

*[signature]*

BRADLEY D. BARBIN, ESQ.
Attorney for Defendant

**BARBIN LAW**
52 W. Whittier Street
Columbus, Ohio  43206
Telephone No.: (614) 445-8416
E-mail: bbarbin@barbinlaw.com

</td><td>

**M. PATRICIA SMITH**
Solicitor of Labor


**JOAN E. GESTRIN**
Regional Solicitor

*[signature]*

SANDRA B. KRAMER (0002071)
Senior Trial Attorney

Attorneys for **HILDA L. SOLIS**,
Secretary of Labor, United States
Department of Labor, Plaintiff

Office of the Solicitor
United States Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio  44199

Telephone No.: (216) 522-3876
Fax No.:         (216) 522-7172
E-mail: kramer.sandra@dol.gov

</td></tr>
</table>

**[The balance of this page has been left blank.]**

## EXHIBIT A

## EMPLOYEE BACK WAGE PAYMENT SCHEDULE FOR MARIA ULAJ, Individually

| EMPLOYEE NAME | PERIOD COVERED | GROSS WAGE AMOUNT | LIQUIDATED DAMAGES | TOTAL AMOUNT DUE |
|---|---|---|---|---|
| Alex, Alex | 05/21/05-09/24/05 | $ 808.31 | $ 808.31 | $ 1,616.62 |
| Begleyaev, Pavel | 03/11/06-01/27/07 | 5,059.73 | 5,059.73 | 10,119.46 |
| Bembeeva, Zanda | 08/12/06-09/30/06 | 390.28 | 390.28 | 780.56 |
| Borzykina, Alla | 02/10/07-02/24/07 | 170.44 | 170.44 | 340.88 |
| Dikareva, Ludmila (Luida) | 09/24/05-03/04/06 | 1,317.25 | 1,317.25 | 2,634.50 |
| Elvira, Elvira | 06/04/05-09/24/05 | 1,117.23 | 1,117.23 | 2,234.46 |
| Eskaev, Elmurad | 07/22/06-09/23/06 | 729.51 | 729.51 | 1,459.02 |
| Guyla, Guyla | 02/11/06-08/05/06 | 1,505.83 | 1,505.83 | 3,011.66 |
| Kashuba, Anna | 09/16/06-02/24/07 | 2,655.24 | 2,655.24 | 5,310.48 |
| Katina, Elena | 09/09/06-09/23/06 | 346.28 | 346.28 | 692.56 |
| Khalmatov, Sobir | 10/01/05-09/02/06 | 2,845.98 | 2,845.98 | 5,691.96 |
| Khalmatov, Masuda | 10/01/05-09/09/06 | 3,452.48 | 3,452.48 | 6,904.96 |
| Khlopov, Oleg | 09/16/06-09/23/06 | 80.40 | 80.40 | 160.80 |
| Kopechynsky, Ivan | 09/16/06-02/24/07 | 1,332.40 | 1,332.40 | 2,664.80 |
| Malikov, Tofig | 09/09/06-09/23/06 | 54.84 | 54.84 | 109.68 |
| Masovych, Haylana (Halyna) | 10/08/05-02/24/07 | 4,981.87 | 4,981.87 | 9,963.74 |
| Masur, Liuba | 03/18/06-03/25/06 | 45.23 | 45.23 | 90.46 |
| Natash, Natasha | 06/04/05-09/03/05 | 614.73 | 614.73 | 1,229.46 |
| Olga, Olga | 05/21/05-10/01/05 | 1,153.17 | 1,153.17 | 2,306.34 |
| Piskunova, Svetlana | 06/18/05-02/24/07 | 3,044.82 | 3,044.82 | 6,089.64 |
| Pleyev, Vladimir | 05/21/05-06/25/05 | 189.00 | 189.00 | 378.00 |
| Prymark, Irina | 09/24/05-02/24/07 | 5,250.61 | 5,250.61 | 10,501.22 |
| Rybkina, Tatyana | 10/22/05-08/05/06 | 2,717.56 | 2,717.56 | 5,435.12 |
| Sasha, Sasha | 05/27/06-09/23/06 | 2,052.96 | 2,052.96 | 4,105.92 |
| Sergey, Sergey | 10/08/05-12/24/05 | 421.88 | 421.88 | 843.76 |
| Sheina, Natalia | 05/07/05-05/21/05 | 108.00 | 108.00 | 216.00 |
| Shemetova, Irina | 06/25/05-10/01/05 | 1,174.84 | 1,174.84 | 2,349.68 |
| Shemelevo, Irina | 06/18/05-10/01/05 | 927.95 | 927.95 | 1,855.90 |
| Sofir, Danila | 06/18/05-10/01/05 | 1,739.47 | 1,739.47 | 3,478.94 |
| Yusupora, Tamina (Tanya) | 09/17/05-05/27/06 | 1,494.11 | 1,494.11 | 2,988.22 |
| **TOTALS** | | **$47,782.40** | **$47,782.40** | **$95,564.80** |